IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **KRISTIE MCLERRAN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:13cv466 |
| | § | |
| **FLAGSTAR BANK, FSB,** | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
**AND ORDER ABATING RULE 26(f) CONFERENCE DEADLINES**

Now before the Court is Defendant Flagstar Bank, FSB's Rule 12(b)(6) Motion to Dismiss (Dkt. 6). As set forth below, the Court finds that the motion should be GRANTED.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This suit involves Defendant's attempted foreclosure on real property located at 2113 Peacock Lane, Corinth, Texas 76210.[1] Plaintiff filed suit in state court on or about August 5, 2013, and the matter was removed to this Court on August 15, 2013. Plaintiff's original state court petition – which has not been amended since removal – challenges foreclosure efforts by Defendant

---

[1] The Court notes that this lawsuit is the second attempt to delay Flagstar's foreclosure on the Property. Plaintiff's husband, David McLerran, previously filed a lawsuit against Flagstar seeking to delay foreclosure. David McLerran's challenges to the foreclosure were dismissed for failure to state a claim. *See* Dkt. 4:12cv718. There was no appeal of the Court's findings. This suit was filed approximately two months after final judgment was entered in David McLerran's suit.

and seeks injunctive relief. *See* Dkt. 4. Without specifying any specific causes of action, Plaintiff claims that Defendant's actions in foreclosing are "deceptive, misleading and in violation of federal guidelines enacted to specifically eradicate such practices." *Id.* at ¶7.

On December 2, 2013, Defendant filed a motion to dismiss, arguing Plaintiff's suit fails to state a claim and is without merit. On January 10, 2014, this Court entered an order indicating that no response had been timely filed to Defendant's Motion to Dismiss and that if no response were filed on or before January 21, 2014, the Court would assume that Plaintiff was not opposed to the relief requested and proceed accordingly (*see* Dkt. 8). Such a practice is in accordance with Local Rule CV-7(d) which provides that if "a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." E.D. TEX. L. R. CV-7(d). Plaintiff has not filed a response to the motion or otherwise amended her complaint to address the deficiencies raised by the motion.

### STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may

not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

In its motion, Defendant argues that Plaintiff fails to state a plausible claim. Specifically, Defendant argues that Plaintiff fails to plead a valid and enforceable loan modification or settlement agreement, fails to plead that she was a party to it and fails to plead that Defendant was a party to it. Defendant also argues that Plaintiff has no claim because the Deed of Trust authorized it to

proceed with foreclosure. The Court has reviewed Defendant's dismissal arguments and finds that they are well-founded and supported by applicable authority.

Plaintiff's complaint fails to identify any claims whatsoever and fails to allege any facts that allow the court to draw the reasonable inference that Defendant is liable for any alleged misconduct. *Gonzalez*, 577 F.3d at 603. Without any viable claims, Plaintiff cannot show any likelihood of success on the merits that would entitle her to injunctive relief to stop the foreclosure. *See Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009).

Having reviewed Defendant's motion and finding that it raises meritorious grounds for dismissal and having considered Plaintiff's lack of written response to argue anything to the contrary, the Court recommends that Defendant Flagstar Bank, FSB's Rule 12(b)(6) Motion to Dismiss (Dkt. 6) be GRANTED and that Plaintiff's claims be dismissed with prejudice.

***The deadlines set forth in the Court's December 5, 2013 Order to Conduct Rule 26(f) Conference (Dkt. 7) are hereby ABATED pending the District Judge's consideration of this report and recommendation. Should the matter not be dismissed, the parties are directed to file their joint conference report within thirty (30) days of the District Judge's disposition of the motion to dismiss.***

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written

objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 30th day of January, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE